## DAVID MITCHELL v. DANIEL W. MITCHELL.

[See 68 Mich. 106.]

*Partnership—Accounting.*

Where the elder of two brothers, who were copartners, attended to the principal financial affairs of the partnership because of his greater age, but consulted his brother, who at times handled the firm money, and who had knowledge of his brother's failure to keep regular books of account, but did not correct this want of method or attempt to keep such books himself, such omission on the part of the elder brother will not prevent the allowance to him on a partnership accounting of items advanced for the copartnership uses, and clearly proven.

Appeal from Oakland. (Moore, J.) Argued June 23, 1892. Decided July 28, 1892.

Partnership accounting. Defendant appeals. Decree

affirmed. The facts are stated in the opinion, and in 68 Mich. 106.

*Aaron Perry* (*Aug. C. Baldwin*, of counsel), for complainant.

*Charles F. Collier* (*F. A. Baker*, of counsel), for defendant.

MONTGOMERY, J. The bill in this case was originally filed for a partition of lands and an accounting of copartnership transactions. The complainant, David, and the defendant, Daniel, are brothers. A decree for partition was had, and an appeal was taken to this Court. The decree was affirmed, and the cause remanded for an accounting. 68 Mich. 106. This accounting has been had, and the defendant again appeals, claiming, first, that complainant was entitled to no allowance, because he was the financial manager of the firm, and kept no books of account; and also claiming that certain items were improperly allowed to complainant.

As to the first contention, the complainant was the elder brother, and for this reason he did attend to the principal financial affairs of the copartnership; yet his management was not exclusive. The defendant, it would appear, was consulted, and at times handled the money belonging to the firm. The peculiar nature of their copartnership was such that very few items were required to become a matter of account. The living expenses of the two families appear to have been regarded as a proper charge against the copartnership, and were paid for out of the copartnership funds. The only items sought to be recovered in this case are items advanced by the complainant for the copartnership uses. The defendant knew of this want of method, and did not correct it himself or attempt to keep accounts. Under

these circumstances, it would certainly not be equitable to refuse complainant allowance for items which were plainly proven.

Various items are objected to on the ground that the proof did not warrant the court below in allowing them. The first of these items is one of $900, the value of 40 acres of the Caton farm, which was deeded to John C. as part of the purchase price of the land deeded by him to the complainant and defendant, and which became a part of the partnership assets. It is not denied that the title to this land stood in David, but it is insisted that it was in fact a part of the common property belonging to the Mitchell heirs, as its purchase was effected with funds realized from the use of the common property. The fact is that David and John C. worked the home place for years under some arrangement with their mother, made improvements, paid the debts of the estate, and supported the family, and finally, when the defendant reached his majority, turned over to him one-third of the personal property. It was not agreed or understood that the defendant had any interest in the fruits of the elder brothers' industry in common with them, nor was he equitably entitled to them. We think this item was properly allowed.

An item of $250 was allowed as having been advanced for the use of the firm by the complainant, the funds having been derived from the sale of certain Genesee county land. It is claimed that this land was purchased in part with property taken from the Mitchell farm; but, as before stated, the defendant had turned over to him one-third of the property remaining on the place when he became 21, and it does not appear that he ever made the claim that the elder brothers had ever wronged him in the manner with which they had dealt with the original stock. Furthermore, had the estate of defend-

ant's father been regularly administered, the personal property would have been exhausted in paying debts and by the widow's allowance. The defendant had no interest in this land, and, as the proceeds of the sale appear to have been applied to the use of the copartnership, it was a proper item to be allowed.

The same considerations govern as to the various items, aggregating $496, advanced and received by the firm, being the proceeds of the sale of the Stage property. This property was purchased before Daniel W. became a partner, and there is no ground for the inference that he had any interest in the property.

Various other items are objected to, on the ground that it does not appear that complainant had the means to make the advances claimed; but an examination of the record satisfies us that he had the money, and in fact made the advances claimed.

The decree below will be affirmed, with costs.

The other Justices concurred.